**IT IS ORDERED as set forth below:**



Date: September 29, 2022

Susan D. Barrett
United States Bankruptcy Judge
Southern District of Georgia

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: <br> MEYER PAUL SCHWARTZ, <br><br> Debtor. | ) ) ) ) ) | Chapter 11 Case <br> No. <u>09-10379</u> |
| MEYER PAUL SCHWARTZ, <br><br> Plaintiff <br><br> v. <br><br> THE DEPARTMENT OF THE TREASURY/ <br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Adversary Proceeding <br> No. <u>21-01003</u> |

<u>OPINION AND ORDER</u>

The United States ("IRS") has filed a Summary Judgment motion requesting the Court dismiss Meyer Paul Schwartz's

("Debtor") complaint. Debtor's complaint seeks an order affirming that Debtor fully satisfied the IRS's debt under the terms of his confirmed chapter 11 plan and that the doctrines of res judicata, collateral estoppel, promissory estoppel, and accord and satisfaction preclude the IRS from now attempting to collect this debt. Conversely, the IRS contends its debt was not discharged and it is not barred from pursuing the remaining indebtedness. This is a core proceeding under 28 U.S.C. §157(b)(2)(I) and (L) and the Court has jurisdiction to consider the matter pursuant to 28 U.S.C. §1334. For the following reasons, the IRS's motion is granted.

## UNDISPTUED FACTS

The IRS seeks summary judgment based upon the following undisputed facts[1]:

> 1. [Debtor] filed a case under Chapter 13 of the Bankruptcy Code on February 11, 2009. It was converted to a case under Chapter 11 of the Bankruptcy Code on March 2, 2010. [ECF No. 69.]
>
> 2. On August 12, 2009, the [IRS] filed Amended Claim Number 3-4. The Amended Claim as filed was as follows:
>
>    - Secured claim for 2002 income tax liabilities in the amount of $51,840.00;
>
>    - Priority unsecured claims for 2005 and 2006 income tax liabilities in the amount of $65,627.23; and
>
>    - General unsecured claims for 2002, 2003, and 2004

---

[1] These uncontested facts are taken from the IRS's undisputed facts set forth in its Motion for Summary Judgment. See Dckt. No. 15.

income tax liabilities, plus penalties, in the amount of $501,051.65.

3. On January 31, 2011, [Debtor] filed a Chapter 11 Plan of Reorganization. He filed an amended Plan on March 25, 2011. [ECF No. 108, 127].

4. On May 25, 2011, [IRS] cast its ballot accepting the Plan as proposed. [ECF No. 136]. On June 22, 2011, this Court entered an Order confirming the Plan. [ECF Nos. 139, 194]. The case was closed on December 20, 2013 [ECF No. 182] and reopened for entry of discharge on April 8, 2020. [ECF No. 194].

5. The debts evidenced in the IRS Amended Claim were not paid in full under the Plan. [ECF No. 127]. See generally Freeman Declaration, Exhs. 1-5 (showing balances due).

6. For tax year 2002, [Debtor] had income sufficient to require he file a federal income tax return. Freeman Declaration, Ex. 1 (taxable income of $335,708.50). He received an extension of time to file, to October 15, 2003, but failed to file a return and the IRS assessed tax on November 5, 2007, pursuant to its procedures under 26 U.S.C. §6020(b) or "substitute for return" procedures. Id.

7. For tax year 2003, [Debtor] had income sufficient to require he file a federal income tax return. Freeman Declaration, Exh. 2 (taxable income of $313,355.50). He received an extension of time to file, to October 15, 2004, but failed to file a return and the IRS assessed tax on November 19, 2007, pursuant to its procedures under 26 U.S.C. §6020(b) or "substitute for return" procedures. Id.

8. For tax year 2004, [Debtor] received an extension of time to file his tax return, to October 15, 2005, but he filed his tax return late, on May 7, 2007. Freeman Declaration, Exh. 3.

9. For tax year 2005, [Debtor] received an extension of time to file his tax return, to October 15, 2006, but he filed his tax return late, on May 7, 2007. Freeman

>   Declaration, Exh. 4.
>
>   10. For tax year 2006, [Debtor] received an extension of time to file his tax return, to October 15, 2007, but he filed his tax return late, on February 26, 2008. Freeman Declaration, Exh. 5.
>
>   11. In 2020, the IRS demanded payment of the unpaid debt. [ECF No. 1, Exhibits D, E, F].

Dckt. No. 15 (footnotes omitted).

Debtor does not dispute these facts and he adds the following undisputed facts:

- The IRS was represented by counsel and actively participated in Debtor's bankruptcy case from the filing of the Chapter 13 petition through confirmation of the Modified Chapter 11 plan.

- The IRS amended its proof of claim several times, initially objecting to Debtor's chapter 13 plan, but eventually casting a ballot in favor of the proposed chapter 11 plan.

- Post discharge, the IRS has continued to pursue payment of its general unsecured tax claim, the only claim not paid in full.

- The Court granted Debtor's motion to reopen his chapter 11 case on April 20, 2021, and Debtor filed this adversary proceeding against the IRS seeking a court order barring the IRS from pursuing its unsecured claims.

The Court also notes that the relevant language from Debtor's confirmed chapter 11 plan provides that the claims of general unsecured claimants are impaired and shall "receive a total of five percent (5.00%) of the amount of their claims in full and complete

satisfaction of their claims." Ch. 11 Case No. 09-10379, Dckt. No. 127 at 3.[2] The confirmed chapter 11 plan also states "Debtor will not be discharged from any debt excepted from discharge under §523 of the Code . . . ." Id. at 7. Debtor's chapter 11 discharge order granted a discharge and provided that "[n]o one may make any attempt to collect a discharged debt from the debtor[] personally . . . . Most debts are covered by the discharge, but not all . . . . Examples of debts that are not discharged are . . . debts for most taxes." Ch. 11 Case No. 09-10379, Dckt. No. 194 at 1.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers

---

[2] This language is from Class 4 of the plan (the general unsecured class) which include Georgia Bank & Trust, Target National Bank, the IRS, the Georgia Department of Revenue, American Express, and Suntrust Bank. Ch. 11 Case No. 09-10379, Dckt. No. 128, Ex. I.

to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (internal quotations omitted). Once the moving party has properly supported its motion with such evidence, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Fed. R. Civ. P. 56(e). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985)(citations omitted).

Pursuant to §524, a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor." 11 U.S.C. §524(a)(2).³ However, the discharge injunction "prohibits

---

³ Unless otherwise provided, all statutory references are to title 11 of the United States Code.

collection only with respect to dischargeable debts and does not apply to nondischargeable debts." Fla. Dep't of Rev. v. Diaz (In re Diaz), 647 F.3d 1073, 1088 (11th Cir. 2011)(citing U.S. v. White, 466 F.3d 1241, 1246 (11th Cir. 2006)). Pursuant to §1141(d)(2), "[a] discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title." 11 U.S.C. §1141(d)(2). It is undisputed the taxes at issue in this case are excepted from discharge pursuant to §523(a)(1)(B).

In the case before the Court, Debtor argues this is not a discharge issue, but instead contends the doctrines of res judicata, collateral estoppel, promissory estoppel, and accord and satisfaction preclude the IRS from pursuing this debt. Each of these arguments depends upon the binding legal effect of the plan. The confirmed plan states general unsecured claims shall "receive a total of five percent (5.00%) of the amount of their claims in full and complete satisfaction of their claims." Ch. 11 Case No. 09-10379, Dckt. No. 127 at 3. However, the plan explicitly acknowledges "Debtor will not be discharged from any debts excepted from discharged under §523 of the Code . . . ." Ch. 11 Case No. 09-10379, Dckt. No. 127, at 7. The Order of Discharge also notes that "debts for most taxes" are not discharged. Ch. 11 Case No.

09-10379, Dckt. No. 194, at 1.

The Eleventh Circuit considered and rejected similar preclusion arguments in U.S. v. Gurwitch (In re Gurwitch),[4] 794 F.2d 584 (11th Cir. 1986) holding:

> Appellant's res judicata argument is not persuasive. The Bankruptcy Code makes clear under 11 U.S.C. §1141(d)(2) that the confirmation of a plan of reorganization does not fix tax liabilities made nondischargeable under 11 U.S.C. §523. Moreover, the Code states that these taxes are nondischargeable "whether or not a claim for such tax was filed or allowed."
>
> As to Gurwitch's policy arguments, it is apparent to us that Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid payment of taxes under the Bankruptcy Code. We cannot override what we view as a clear policy judgment by Congress. Therefore, we conclude that these tax claims are not barred by reasons of res judicata or matters of policy.
>
> Gurwitch also argues that the bankruptcy court's decision is supportable on the basis of equitable estoppel in that he justifiably relied to his detriment on the government's representations and actions.
>
> This argument falls short, for inasmuch as these taxes are nondischargeable . . . a reasonable debtor should expect that the IRS will seek to enforce such claims.

In re Gurwitch, 794 F.2d at 585-86 (internal quotations and citations omitted). As noted in Gurwitch, the confirmation of a plan of reorganization does not fix tax liabilities made

---

[4] The debt in Gurwitch was for withholding taxes which are excepted from discharge under §523(a)(1).

nondischargeable under §523(a). Gurwitch, 794 F.2d at 585.

Relying upon Gurwitch, the Eleventh Circuit again rejected similar preclusion doctrine arguments in In re Diaz and State of Florida v. Davis (In re Davis), 481 F. App'x 492 (11th Cir. 2012), holding a creditor with a nondischargeable debt is allowed to collect its debt post discharge. See Diaz, 647 F.3d at 1088; In re Davis, 481 F. App'x at 495. In Diaz, the Eleventh Circuit noted that "claim allowance" and "dischargeability" are different concepts.[5] Diaz, 647 F.3d at 1090. The Eleventh Circuit again found the preclusion doctrines do not apply noting:

> We also find compelling the logic of this Court and several others that have addressed the question whether preclusion doctrines can be used to prevent a creditor who holds a nondischargeable tax debt from arguing that the amount of the debt exceeds the payment that the creditor received during bankruptcy. Courts have consistently found theories of preclusion inapplicable in these circumstances. See, e.g., In re Gurwitch, 794 F.2d 584, 585 (11th Cir. 1986) (rejecting the debtor's argument that the IRS's filing of a proof of a claim and the bankruptcy court's confirmation of a plan that provided for payment in full of that claim amounted to a final determination of the debtor's tax liabilities, thereby preventing the IRS from collecting pre-petition tax delinquencies after the discharge; explaining that res judicata did not apply because the Bankruptcy Code made clear that the taxes were not dischargeable regardless of whether a bankruptcy claim was filed or allowed); In re DePaolo, 45 F.3d 373, 376 (10th Cir. 1995)

---

[5] The rationale for nondischargeability of tax obligations [§523(a)(1)] and child-support obligations [§523(a)(5)] "applies with equal force." In re Diaz, 647 F.3d at 1092.

> ("While principles of res judicata apply generally to bankruptcy proceedings, the plain language of [the Bankruptcy Code] forbid[s] the application of those principles to the facts of this case. By expressly providing that the described taxes are not discharged 'whether or not a claim for such taxes was filed or allowed,' Congress has determined that the IRS may make a claim for taxes for a particular year in a bankruptcy proceeding, accept the judgment of the bankruptcy court, then audit and make additional claims for that same year, even though such conduct may seem inequitable or may impair the debtor's fresh start." (footnote and citation omitted)); In re Fein, 22 F.3d 631, 633 (5th Cir. 1994) ("[Debtor] contends that the discharge of claims in bankruptcy serves as res judicata, barring the government's claim [for pre-petition tax delinquencies]. Because the Bankruptcy Code specifically makes this claim nondischargeable, however, res judicata does not bar it." (citing In re Gurwitch)).

In re Diaz, 647 F.3d 1091-92.

Similar to the current case, the debtor in Davis argued the issue was the effect of confirmation of the plan not whether a violation of the discharge injunction had occurred. In re Davis, 481 F. App'x at 492. The Eleventh Circuit stated that the debtor's res judicata and collateral estoppel arguments do not change its legal conclusion that the IRS is allowed to collect on its unpaid nondischargeable debt. Id. at 495 (whether the litigant asserts a violation of the plan or a violation of the discharge injunction, "the ultimate legal issue before us would be the same, because the bankruptcy court based its ruling on its determination that the Department was precluded from enforcing the child support

obligation due to collateral estoppel and res judicata.").

Debtor seeks to distinguish <u>Gurwitch</u>, <u>Davis</u>, and <u>Diaz</u> on the grounds that the IRS was much more actively involved in this bankruptcy case and its casting of a favorable ballot shows its acceptance of the proposed treatment as full satisfaction of its claim. The Court recognizes that Debtor satisfied his obligations under the terms of the confirmed plan. However, in accordance with the <u>Gurwitch</u>, <u>Davis</u> and <u>Diaz</u> holdings, the IRS's participation and Debtor's fulfillment of the terms of the confirmed plan do not preclude the IRS from pursuing the remaining balance post discharge. The plan's "full and complete satisfaction" language addresses the treatment of the IRS's claim under the plan, not the dischargeability of the debt. By casting its ballot in favor of the plan, the IRS only accepted the treatment of its claim in the bankruptcy case, not the discharge and extinguishment of the total debt. The IRS has not breached or acted contrary to the confirmed plan or discharge order in pursuing its outstanding balance. <u>See</u> <u>In re Diaz</u>, 647 F.3d at 1091 (rejecting res judicata and collateral estoppel arguments and stating that the claim allowance and objection process determines what the bankruptcy estate would pay through the confirmed plan, not the total amount of debt); <u>but see</u> <u>Hann v. Educ. Credit Mgmt. Corp. (In re Hann)</u>, 711 F.3d 235, 243

(1st Cir. 2013)(student loan creditor barred from collecting non-dischargeable debt).

Based upon the Eleventh Circuit precedent, the language of Debtor's plan, and the language of the discharge order, the Court concludes the IRS is not prohibited from collecting its remaining balance. While the Court's conclusion may impede Debtor's fresh start, it complies with the Code and effectuates the policy and purposes of §1141(d)(2) and §523(a)(1). As stated in <u>Newman v. U.S. (In re Newman)</u>, 402 B.R. 908, 914 (Bankr. M.D. Fla. 2009):

> Our interpretation of §1141 is consistent with the policy aims behind the Bankruptcy Code's identification of taxes as nondischargeable debts. Nondischargeable debts are those types of debts, such as taxes or child support payments, that Congress thought important enough to be paid in full, even if doing so impeded the debtor's ability to make a fresh start. "It is apparent to us that Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid payment of taxes under the Bankruptcy Code." <u>Gurwitch</u>, 794 F.2d at 585-86. <u>United States v. White</u>, 466 F.3d 1241, 1247 (11th Cir. 2006). "[T]he courts of appeals that have considered this issue have concluded that in the case of individual debtors, Congress consciously opted to place a higher priority on revenue collection than on debtor rehabilitation or ensuring a fresh start." <u>In re Fein</u>, 22 F.3d 631, 633 (5th Cir. 1994)(quoted in <u>In re DePaolo</u>, 45 F.3d at 376).

<u>In re Newman</u>, 402 B.R. at 914 (quoting <u>U.S. v. White</u>, 466 F.3d 1241, 1247 (11th Cir. 2006)); <u>see also</u> <u>In re Gill</u>, 343 B.R. 732, 739 (Bankr. M.D. Fla. 2006) (citing <u>In re DePaolo</u>, 45 F.3d 373, 375

(10th Cir. 1995)) (noting that confirmation generally binds any creditor whether they accepted the plan or not but confirmation of the plan does not fix tax liabilities made nondischargeable under §523).

## CONCLUSION

For these reasons, the IRS's Motion for Summary Judgment is ORDERED GRANTED and this Adversary Proceeding is ORDERED DISMISSED.

**[END OF DOCUMENT]**

AO 72A
(Rev. 8/82)

13